IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CALVIN LAMAR CAIN**                                                                 **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.  3:06-cv-599-HTW-LRA**

**HINDS COUNTY DETENTION FACILITY and**
**HINDS COUNTY SHERIFF'S DEPARTMENT**                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate currently incarcerated in the Hinds county Detention Facility, Raymond, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On November 27, 2006, an order was entered directing the Plaintiff to file an amended complaint, within twenty days.  The Plaintiff was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his complaint.  The Plaintiff failed to comply with this order.

On January 9, 2007, an order was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's November 27, 2006 order.  In addition, the Plaintiff was directed to comply with the order by filing his amended complaint, within fifteen days.  The Plaintiff was warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his

complaint, without further written notice. The Plaintiff did not comply with this show cause order.

On February 15, 2007, a second order was entered directing Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's two previous orders. The Plaintiff was also directed to comply with the Court's original order by filing his amended complaint, within fifteen days. The Plaintiff was warned in the second show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further written notice. The Plaintiff did not comply with this order.

The Plaintiff has failed to comply with three Court orders. It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with three court orders, nor has he contacted this Court

since November 14, 2006. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 30th day of March, 2007.

                      s/ HENRY T. WINGATE
                      CHIEF UNITED STATES DISTRICT JUDGE